**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

LORI. W. WILL
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

April 10, 2026

Richard L. Renck, Esq.
Mackenzie M. Wrobel, Esq.
Tracey E. Timlin, Esq.
D. Stuart Bartow, Esq.
Duane Morris LLP
1201 North Market Street, Suite 501
Wilmington, Delaware 19801

Victoria K. Petrone, Esq.
Mark A. Denney, Jr., Esq.
Brockstedt Mandalas Federico LLC
2711 Centerville Road, Suite 401
Wilmington, Delaware 19808

RE: *Accelerant Twister, LLC et al. v. Marjo, LLC et al.*,
C.A. No. 2023-0887-LWW

Dear Counsel,

This letter resolves the Accelerant Parties' request for attorneys' fees and costs following my January 23, 2026 bench ruling granting their motion to disqualify and for sanctions.[1] That motion concerned the Sullivan Parties' designation of Benjamin Urcia, Esq. as an expert witness despite his prior representation of the Accelerant Parties, and the Sullivan Parties' unauthorized disclosure of confidential material to

---

[1] The Accelerant Parties are plaintiffs/counter-defendants Accelerant Twister, LLC and Accelerant Holding, LLC, and counter-defendant Accelerant Partners, LLC.

him.[2] The disclosures were made while Mr. Urcia was representing the Sullivan Parties in anticipation of a future patent infringement suit against the Accelerant Parties.

After briefing and a hearing, I found that the Sullivan Parties committed a "meaningful failure to obey the clear terms" of the governing Confidentiality Order.[3] They did so, I explained, by providing over 300 pages of confidential material to Mr. Urcia nearly six months before he executed the required undertaking.[4] To remedy the Accelerant Parties' injury, I awarded their reasonable attorneys' fees and costs incurred in "bringing and briefing" the motion for sanctions.[5]

The Accelerant Parties subsequently filed a Rule 88 affidavit seeking $39,831, representing $39,406 in attorneys' fees and $425 in costs.[6] The Sullivan Parties responded with three primary objections.[7] For the reasons explained below, I grant

---

[2] Tr. of Rulings of Ct. on Mot. to Compel and Mot. to Disqualify (Dkt. 265) ("Bench Ruling") 5-6; *see also* Mot. to Disqualify Putative Expert and for Sanctions (Dkt. 179). The Sullivan Parties are defendants/counter-plaintiffs John Sullivan and Marjo, LLC.

[3] Bench Ruling 21; *see also* Stipulation and Order for Prod. and Exchange of Confidential and Highly Confidential Information (Dkt. 114).

[4] Bench Ruling 20-21.

[5] *Id.* at 22-23.

[6] Aff. of D. Stuart Bartow in Supp. of Sanctions Award Granting Pet'rs/Counter-Resp'ts' Att'ys' Fees and Expenses for Violation of Confidentiality Order (Dkt. 250) ("Bartow Aff."); *see also id.* at Exs. A-E.

[7] Resp'ts/Counter-Pet'rs' Resp. in Opp'n to S. Bartow's Aff. in Supp. of Award of Att'ys' Fees (Dkt. 266) ("Sullivan's Response").

the Accelerant Parties' fee request in full but stay the enforcement of the award until the entry of a final judgment.

## A.     Scope of the Fee Award

The Sullivan Parties first assert that the fees associated with drafting the opening motion should be excluded because Mr. Urcia's disqualification was premised on a conflict of interest first raised in the Accelerant Parties' reply brief.[8] As a result, the Sullivan Parties argue they were deprived of the opportunity to meet and confer to avoid the motion altogether.

This argument misconstrues my ruling.  Although I found the conflict of interest to provide grounds for disqualification, I also held that the Sullivan Parties flouted the Confidentiality Order by disseminating sensitive material to Mr. Urcia months before he agreed to be bound by it.[9]  The Accelerant Parties were left to investigate this violation, send notice letters, and litigate the motion addressing the Sullivan Parties' contumacious behavior.[10]  The Accelerant Parties' motion was necessary to raise these violations, and the time spent drafting it is compensable.[11]

---

[8] *Id.* ¶ 1.

[9] Bench Ruling 19-21.

[10] *Id.* at 22-23.

[11] *Id.* at 23-24.

**B.** **Reasonableness of the Hourly Rates**

The Sullivan Parties next challenge the $1,059 blended hourly rate charged by the Accelerant Parties' counsel, arguing that it reflects a "maximum billing rate" rather than a median rate.[12] They ask that I reduce the compensable rate to $345 per hour, using the first quartile hourly rate for intellectual property work as reflected in the American Intellectual Property Law Association (AIPLA) economic survey.[13]

In assessing the reasonableness of a fee request, this court considers the factors in Rule 1.5 of the Delaware Lawyers' Rules of Professional Conduct.[14] Here, the issues litigated in the motion required specialized skill in patent law, trade secret law, and professional responsibility.[15] The attorneys who performed this work are experienced; the primary timekeepers include partners in their 12th, 22nd, and 40th years of practice.[16]

Although the underlying lawsuit involves contract and fiduciary duty claims, the disqualification issue centered on Mr. Urcia's prior and ongoing patent prosecution work. It was appropriate for the Accelerant Parties to consult

---

[12] Sullivan's Response ¶ 2.

[13] *Id.*; *see also* Bartow Aff. Ex. D.

[14] *See Bragdon v. Bayshore Prop. Owners Ass'n, Inc.*, 251 A.3d 661, 693-94 (Del. Ch. 2021).

[15] Bartow Aff. ¶ 17.

[16] *Id.* ¶ 24.

intellectual property counsel in pressing the motion. To justify their rates, the Accelerant Parties rely on the 2023 AIPLA economic survey—a standard benchmark for intellectual property attorneys' billing rates.[17] Adjusting for standard rate increases, the Accelerant Parties' counsel established that their rates are within the prevailing market range for litigation of this nature. They are also in line with rates awarded by this court when shifting fees.[18]

The $345 rate proposed by the Sullivan Parties is unreasonably low for this complex dispute. The $1,059 blended rate is therefore reasonable under the circumstances.[19]

### C. Timing of Enforcement

Finally, the Sullivan Parties request that any fee award not become enforceable until a final order is entered resolving all claims.[20] They correctly note that interlocutory fee awards stemming from discovery disputes are generally not

---

[17] *Id.* ¶ 19.

[18] *See, e.g.*, *Gener8, LLC v. Castanon*, 2025 WL 88889, at *3 n.42 (Del. Ch. Jan. 14, 2025) (noting that counsel's hourly rates were comparable to the $1,645 hourly rate deemed appropriate in another Court of Chancery case); *Fortis Advisors LLC v. Johnson & Johnson*, 2024 WL 4040387, at *1 (Del. Ch. Sept. 4, 2024) (awarding attorneys' fees at a blended rate of $900 per hour for two partners and three associates).

[19] Bartow Aff. ¶ 19.

[20] Sullivan's Response ¶ 3.

appealable until a final judgment is rendered.[21]  Entering the award now but staying its enforcement preserves the rights of all parties without disrupting the ongoing litigation.

*          *          *

Accordingly, the Accelerant Parties are awarded $39,831 in reasonable attorneys' fees and costs incurred in bringing and briefing the motion to disqualify and for sanctions.[22]  Enforcement of this award is stayed pending the entry of a final judgment in this consolidated action.  To the extent an order is necessary to implement this ruling, IT IS SO ORDERED.

Sincerely yours,

/s/ Lori W. Will

Lori W. Will
Vice Chancellor

---

[21] *See Gandi-Kapoor v. Hone Cap. LLC*, 305 A.3d 707, 717 (Del. Ch. 2023).

[22] *See* Bench Ruling 23-24.